FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES DISTRICT COURT **Dec 11, 2018**
EASTERN DISTRICT OF WASHINGTON SEAN F. McAVOY, CLERK

| | |
|---|---|
| DAVID MANLOVE, | No. 2:18-CV-00089-SMJ |
| Petitioner, | **ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS** |
| v. | |
| RONALD HAYNES, | |
| Respondent. | |

Before the Court is *pro se* Petitioner David Manlove's First Amended Petition for a writ of habeas corpus under 28 U.S.C. § 2254, ECF No. 9. Petitioner, a prisoner at the Stafford Creek Corrections Center, challenges the Stevens County Superior Court judgment under which he is currently held in custody. *Id.* The Court directed that the petition be served on Respondent Ronald Haynes. ECF No. 10 at 2. Respondent asks the Court to deny the petition as time barred. ECF No. 12 at 6–8. Having reviewed the pleadings and the file in this matter, the Court is fully informed[1] and denies the petition with prejudice.

On January 23, 2014, a jury found Petitioner guilty of residential burglary,

---

[1] After careful consideration, the Court concludes this matter may be decided solely on the state court record and neither discovery, nor an evidentiary hearing, nor any further delay is warranted.

ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS **-** 1

second degree unlawful possession of a firearm, possession of more than forty grams of marijuana, third degree possession of stolen property, and first degree malicious mischief. ECF No. 13-1 at 2. The Stevens County Superior Court entered a judgment against Petitioner on January 28, 2014. *Id.* The state trial court sentenced Petitioner and committed him to the custody of the Washington State Department of Corrections. *Id.* at 2, 15.

On February 4, 2014, Petitioner appealed the judgment to the Washington State Court of Appeals, Division III. *Id.* at 17, 26, 83. The state appellate court affirmed the judgment on March 17, 2015. *Id.* at 83, 93. The Washington State Supreme Court denied Petitioner's petition for review on September 2, 2015. *Id.* at 96. Petitioner did not seek a writ of certiorari from the U.S. Supreme Court. ECF No. 9 at 12. His deadline for doing so was ninety days after the state supreme court denied review. *See* Sup. Ct. R. 13.1.

On August 4, 2016, Petitioner filed a personal restraint petition with the Washington State Court of Appeals, Division III. ECF No. 13-1 at 98. The acting chief judge of the state appellate court dismissed the personal restraint petition as frivolous on March 13, 2017. *Id.* at 127, 131. The acting commissioner of the Washington State Supreme Court denied Petitioner's motion for discretionary review on August 11, 2017. *Id.* at 147, 150. Finally, a panel of five state supreme court justices unanimously denied Petitioner's motion to modify the

ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS **-** 2

commissioner's ruling on November 8, 2017. *Id.* at 2017.

On March 12, 2018, Petitioner submitted to this Court a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. ECF No. 1. This original habeas corpus petition was filed on March 28, 2018, when Petitioner paid the filing fee. *See* ECF No. 3. On May 22, 2018, the Court ordered Petitioner to amend the original petition to show, among other things, that it was timely. ECF No. 4 at 7–8. Petitioner filed his First Amended Petition on August 13, 2018. ECF No. 9.

A person in custody pursuant to a state court judgment may petition a federal court for a writ of habeas corpus "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But a federal habeas corpus petition is subject to a one-year limitation period. 28 U.S.C. § 2244(d)(1). Respondent argues the petition here was untimely. ECF No. 12 at 6–8. The Court agrees.

A person in custody pursuant to a state court judgment must file a petition for a writ of habeas corpus in a federal court within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," whichever is later. 28 U.S.C. § 2244(d)(1)(A). A state court judgment becomes "final" in one of two ways—"either by the conclusion of direct review by the highest court, including the United States Supreme Court, to

review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A timely personal restraint petition is a form of "State post-conviction or other collateral review" that triggers statutory tolling. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1010–11 (9th Cir. 2009); *Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008); *Malcom v. Payne*, 281 F.3d 951, 956–57 (9th Cir. 2002). Statutory tolling continues for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Harris*, 515 F.3d at 1053 n.3 (quoting *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999)). Where, as here, the Washington State Supreme Court commissioner denies review of an order dismissing a personal restraint petition, statutory tolling continues from the filing of the personal restraint petition until the Washington State Supreme Court justices deny a motion to modify the commissioner's ruling. *Id.*

Here, Petitioner challenges the state trial court judgment under which he is

currently held in custody. That judgment became final after December 1, 2015, when the state appellate court had affirmed it, the state supreme court had denied review, and the deadline for seeking a writ of certiorari from the U.S. Supreme Court finally expired. Petitioner did not submit his original habeas corpus petition to this Court until March 12, 2018.[2] However, statutory tolling applied from August 4, 2016 (the date Petitioner filed his personal restraint petition in the state appellate court) to November 8, 2017 (the date the state supreme court justices denied Petitioner's motion to modify the state supreme court commissioner's ruling). Outside this statutory tolling period, a total of 369 days elapsed between the date the state court judgment became final and the date Petitioner submitted his original habeas corpus petition to this Court: 246 days from December 2, 2015 to August 4, 2016 and 123 days from November 9, 2017 to March 12, 2018. Because Petitioner filed this habeas corpus petition more than one year after the state trial court

---

[2] The original petition was not in fact filed until Petitioner paid the filing fee on March 28, 2018. *See* ECF Nos. 1, 3. Additionally, the original petition was replaced in its entirety when Petitioner filed the First Amended Petition on August 13, 2018. *See* ECF No. 4 at 8; ECF No. 9. Nonetheless, for purposes of this Order only, the Court assumes, without deciding, that the First Amended Petition relates back to the date Petitioner submitted the original petition. This assumption allows the Court to use the deadline calculation most generous to Petitioner. *See* ECF No. 16 at 36 (setting forth Petitioner's request to use the date he submitted the original petition rather than the date he filed the First Amended Petition). But even under that calculation, it appears beyond doubt that the original petition was time barred.

ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS - 5

judgment became final, it is time barred.[3]

Relying on the Court's May 22, 2018 Order to Amend Petition, ECF No. 4, Petitioner argues he had until April 29, 2018 to file his original petition here, ECF No. 16 at 37. But the Court's prior order underestimated the amount of elapsed time when it declared that the original petition appeared untimely. *See* ECF No. 4 at 6. This miscalculation could not have prejudiced Petitioner because it postdated his original petition by over two months.

Petitioner states he "will accept the respondent's conclusion that he is time barred on the condition that he can proove [sic]" each of Petitioner's contentions are incorrect. ECF No. 16 at 37; *see also id.* at 37–41. But because this habeas corpus petition is time barred, the merits of the parties' dispute will not be addressed.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's First Amended Petition for a writ of habeas corpus under 28 U.S.C. § 2254, **ECF No. 9**, is **DENIED WITH PREJUDICE**.

---

[3] Petitioner makes no attempt to establish equitable tolling, despite having the opportunity to do so. *See Waldron-Ramsey*, 556 F.3d at 1011 ("To receive equitable tolling, a petitioner bears the burden of showing '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))); ECF No. 4 at 7–8 (explaining the equitable tolling standard and granting Petitioner an opportunity to amend the original petition to demonstrate its timeliness).

2. The Clerk's Office is directed to **ENTER JUDGMENT** in favor of Respondent.

3. All pending motions are **DENIED AS MOOT**.

4. All hearings and other deadlines are **STRICKEN**.

5. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to *pro se* Petitioner and Respondent's counsel.

**DATED** this 11th day of December 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge